## SUPREME COURT.

THOMAS C. CLARK, appellant, agt. JAMES DONALDSON, respondent.

*Trial by referee — his authority to decide on conflicting and preponderating evidence.*

Where there is a conflict of evidence on the trial before a referee, between the plaintiff and defendant as to the making of a certain agreement between them, the referee's decision thereon will not be disturbed on appeal.

And where there is some conflict of evidence on another point and the preponderance and weight of evidence is in favor of the rulings and decision of the referee thereon, this court will sustain such findings.

It is the duty of the appellant in making up his case, to show plainly that an erroneous ruling was made adversely to him, and not leave that fact to appear by inference or conjecture.

*New York General Term, First Department, October,* 1874.

APPEAL from judgment entered on the report of a referee.

*John A. Porter & W. J. Richardson,* for appellant.

*Francis Tillou,* for respondent.

DAVIS, *P. J.* — The complaint in this case sets forth two causes of action. The first is upon the alleged agreement between plaintiff and defendant (made at the time of the purchase by defendant of plaintiff's stock, and the good-will of his business), whereby defendant agreed to take charge of plaintiff's books of account, and of divers accounts for goods sold and delivered, upon which unpaid balances were owing.

and to collect the same for plaintiff, and pay over the proceeds to him; and the plaintiff averred that, pursuant to such agreement, the defendant had collected the sum of $1,745.65, which, on demand, he had neglected and refused to pay to defendant.

The second cause of action is for rent alleged to be due from defendant to plaintiff for the use and occupation of a stable, "let and rented," as plaintiff avers, by him to defendant, upon an agreement to pay for such use what the same should be reasonably worth.

These several causes of action were put in issue by defendant.

On the trial the questions were, so far as related to the first cause of action, whether any such agreement was made by defendant in respect to the collection, and whether the moneys were collected by him, or on his behalf, or by the firm of Thomas Donaldson & Co. Upon these questions the learned referee found in favor of the defendant. Upon the first of them, to wit, whether the agreement was made, there was a direct conflict between the plaintiff and defendant in their respective testimony; and upon the second, while there was some conflict in the evidence, it is impossible not to see that a strong preponderance tended to uphold the allegation of the defendant that he did not collect any part of the money, and that none of it was collected on his behalf. We think the findings of the referee, upon both these questions, are in accordance with the weight of evidence, and certainly are so strongly supported by proof that no principle applicable to such cases would justify this court in interfering with his conclusions.

As to the second cause of action, the testimony of plaintiff, if fully believed, in the absence of all proof of the value of the use of the stable, would only have justified the recovery of a nominal sum; but the defendant, in his testimony, flatly denied the alleged agreement to pay for the use of the stable; and it seems very clearly to have been proved that he did not

Clark agt. Donaldson.

use the same, but that the use was altogether by the firm of Thomas Donaldson & Co., by whom the referee has found the business was carried on as purchasers from defendant. In respect of this cause of action, also, we think the referee reached conclusions amply supported by evidence, and not to be disturbed by the court.

A careful examination of all the exceptions taken by the plaintiff in the progress of the trial, fails to disclose any ruling on the part of the referee which would justify a reversal of the judgment. The evidence objected to seems to have been properly received in the cases specially pointed out by the points of the appellant's counsel; and in cases of alleged exclusion the rulings of the referee do not seem to us to have been wrong. In respect to the question at folio 398 of the case, which might properly have been answered, it does not appear that the answer was excluded and an exception taken to the exclusion. On the contrary, the inference, both from the form of stating what transpired, and from similar objections and rulings in the course of the same examination, is, that the referee overruled the objection to the question, and that defendant was the excepting party. It was the duty of the appellant, if he desired to raise any question here, to have so made his case as to show plainly that an erroneous ruling was made adversely to him, and not to have left that fact to appear by mere inference or conjecture.

It is insisted that the referee admitted the evidence of a witness which was objected to by plaintiff, and never decided the objection; thus preventing the plaintiff from excepting. This is claimed to be error within the case of *Sharp* v. *Freeman* (45 N. Y., 802).

But no objection was made to the course taken by the referee. The plaintiff must be deemed to have assented to it; and we think he cannot allege error in such a case unless it appears that his exception would have been well taken had the ruling of the referee been adverse to his objection.

Clark agt. Donaldson.

We think the evidence was clearly competent, and that an exception, if properly interposed, would not have been available, and that to hold the course taken by the referee to have been a mistrial, where the exception of the party would have been of no legal value, would in such a case be a sacrifice of the substance of justice to the shadow of an unavailing formality. The case referred to does not justify us in going to such an extreme.

We think the judgment should be affirmed.

LAWRENCE and DANIELS, JJ., concurred.